BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:    (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NAIFARM SAECHAO,<br><br>    Defendant. | No. CR 4-15-70235 MAG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT<br><br>Current Hearing Date:   November 16, 2015<br>Proposed Hearing Date:  December 10, 2015 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Naifarm Saechao (Saechao), by and through his counsel of record, Assistant Federal Public Defender Joyce Leavitt, hereby stipulate as follows:

    1.    Defendant is charged in a federal criminal complaint with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Defendant has been arraigned on the criminal complaint.  On April 24, 2015, defendant waived his right to a preliminary hearing under

1

Federal Rule of Criminal Procedure 5. Defendant subsequently agreed through stipulation and at court appearances to exclude various periods of time from April 24, 2015, to November 16, 2015, to be charged by indictment or information under 18 U.S.C. § 3161(b). A hearing for arraignment on indictment or information is presently set for Monday, November 16, 2015.

2. The government has produced discovery relating to defendant's arrest and criminal history and anticipates producing additional discovery. The government and defendant are exploring the potential for a pre-indictment disposition. Counsel for defendant Saechao requires additional time to obtain and review discovery and in light of that discovery to discuss and negotiate a potential pre-indictment disposition for defendant. In addition, earlier this year the United States Supreme Court issued its opinion in *Johnson v. United States*, 135 S. Ct. 2551, in which it struck down the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). This opinion has implications for the sentencing guideline ranges that may apply to defendant's offense conduct. Defense counsel requires additional time to analyze how this opinion impacts defendant's plea and litigation strategy. Finally, the parties are exploring whether or not defendant is appropriate for the conviction alternative program (CAP).

3. Thus, counsel for defendant Saechao represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-indictment and/or pre-trial motions, review the discovery already produced and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pre-indictment resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties agree that the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

4. For purposes of computing the date under the Speedy Trial Act by which defendant must be charged by indictment or information, the parties agree that the time period of November 16,

2015, to December 10, 2015, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

Dated: November 13, 2015

BRIAN J. STRETCH
Acting United States Attorney

/S/
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

/S/ *via e-mail authorization*                                  11/12/2015
JOYCE LEAVITT                                                   Date
Attorney for Defendant
Naifarm Saechao

3

# [~~PROPOSED~~] ORDER

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for arraignment on information or indictment in this matter scheduled for November 16, 2015, is continued to 9:30 a.m. on Tuesday, December 10, 2015, before the Honorable Donna M. Ryu, United States Magistrate Judge. The time period of November 16, 2015, to December 10, 2015, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

11/13/15
DATE                                    HONORABLE KANDIS A. WESTMORE
                                        UNITED STATES MAGISTRATE JUDGE

4